## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

**OMAR YANEZ,**                                    Civil No. 06-2890 (PAM / SRN)

                **Petitioner,**

                                **REPORT & RECOMMENDATION**

  **v.**

**STATE OF MINNESOTA,**

                **Respondent.**

---

     Omar Yanez, Petitioner, pro se.

     Kimberly Parker, Office of Minnesota Attorney General, 445 Minnesota Street, Suite 1800, St. Paul, MN, 55101-2134, for Respondent.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

     This matter is before the undersigned Magistrate Judge of the District Court on the petition of Petitioner Omar Yanez for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner is currently incarcerated in a Minnesota state facility pursuant to a felony conviction for multiple counts of first-degree criminal sexual conduct.

     The case has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the petition be denied and that this action be dismissed with prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

     Petitioner is currently serving a 310-month aggregate prison sentence imposed following conviction on four counts of violating Minn. Stat. § 609.342, subd. 1(a) (first-degree criminal sexual conduct with respect to a victim under age 13). The victim reported the sexual abuse to family members when she was nine years old. State v. Yanez, 2005 WL 894649, *1 (Minn. App. Apr. 19, 2005), pet. for rev. denied, July 19, 2005. After the incidents were then reported

to the police, the victim described the incidents of sexual assault in substantial detail in videotaped interviews with a social worker and law enforcement officials.  Id.

The state trial court admitted her out-of-court statements to her grandmother and another as well as her videotaped statements to the social worker and deputy.  Id.  The victim also testified at Petitioner's trial.  While she remembered that she had talked about Petitioner to family members, a deputy and a social worker, she could not remember what she told them or what Petitioner did to her.  Id.  She agreed that she was nervous and scared while testifying and she did not want to talk about the assaults.  Id.  She did testify, however, that she had told the truth to her family, the deputy and social worker.  Id.  On cross-examination, she was able to testify only briefly as to various matters other than the assaults themselves.  Id.

A jury convicted Petitioner of eight counts of first-degree criminal sexual conduct.  The court adjudicated guilt on three counts of first-degree criminal sexual conduct for digital penetration of the victim on three different occasions and on one count of first-degree criminal sexual conduct for oral penetration of the victim.  For the three counts of digital penetration Petitioner received concurrent sentences of 166 months each, the presumptive sentence for the severity level of the offense and Petitioner's criminal history score.  For the one count of oral penetration, he received a sentence of 144 months, to run consecutively to the 166-month term.  The Minnesota sentencing guidelines permit such consecutive sentencing.

Petitioner appealed his conviction to the Minnesota Court of Appeals, claiming that (1) the State violated his Confrontation Clause rights, and (2) the consecutive sentences imposed for multiple convictions violate his Sixth Amendment rights under Blakely v. Washington, 542 U.S. 296 (2004).  The Minnesota Court of Appeals affirmed and the Minnesota Supreme Court denied his petition for further review.  State v. Yanez, 2005 WL 894649 (Minn. App. Apr. 19, 2005),

pet. for rev. denied, July 19, 2005.

On July 5, 2006, Petitioner filed his Petition for a Writ of Habeas Corpus under 28 U.S.C.

§ 2254, listing as grounds for relief (1) that a "witness was unavailable for cross-examination at

the trial and there was no prior opportunity for cross-examination," and (2) that the "sentencing

was based on findings made by the court and not the jury." (Doc. No. 1.)  This Court directed

Respondent to file an answer to the petition and ordered that any reply to the answer must be

filed within thirty days of the filing of that answer.  (Doc. No. 4.)  The State filed an answer and

supporting memorandum on May 25, 2006.  (Doc. Nos. 5 & 6.)  No reply was filed by Petitioner.

## II.   DISCUSSION

The petition raises two claims:  (1) that his conviction "violated a criminal defendant's

right of confrontation" because "[t]he witness was unavailable for cross-examination at the trial

and there was no prior opportunity for cross-examination," and (2) that the "sentencing was

based on findings made by the court and not the jury." (Doc. No. 1.)  With respect to the second

claim, Petitioner asserts that the state court, by "impos[ing] consecutive sentences rather [than]

an upward departure" based on "findings done by the court and not the jury" violated his rights

because "the prosecutors should have been encouraged to file multiple counts rather than use the

more common practice of charging one count alleging multiple acts" such that the "length of the

sentencing should have not depended on the prosecutorial discretion." (Id.)[1]  This Court

---

[1] To obtain federal habeas review, a petitioner must have first "fairly presented" his
federal question arguments to the state's highest court by seeking discretionary review in that
court.  O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  Petitioner appears to have plainly
presented both issues as federal issues to the Minnesota Court of Appeals.  Dye v. Hofbauer, 546
U.S. 1, 3-4 (2005) (holding that brief that identifies "due process" issue and discusses Fifth
Amendment and Fourteenth Amendment violations in light of federal cases concerning "federal
due process rights" plainly "sets out the federal claim").  Likewise, in his Petition for Further
Review in the Minnesota Supreme Court, Petitioner pressed both claims.  (Doc. No. 7
(Appendix), "Petition For Review of Decision of Court of Appeals" at 2.)  But even if there were

concludes that the present petition for habeas relief must be denied because the Minnesota Court of Appeals did not misapply the governing federal law to either issue.

On collateral review of the merits, this Court is now confined (since the 1996 enactment of the Antiterrorism and Effective Death Penalty Act) in granting federal habeas relief only in cases where the state court adjudication on the merits either

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Accord Williams v. Taylor, 529 U.S. 362 (2000).

Here, Petitioner raises no question of an "unreasonable determination of the facts" under Section 2254(d)(2).[2] With respect to Section 2254(d)(1), this Court concludes that the state court's decision was not contrary to clearly established Supreme Court precedent. Nor did it involve an unreasonable application of such federal law.

─────────────────────

questions of exhaustion and whether his claims were "fairly presented" as federal issues to the highest state court, it is clear that Petitioner cannot prevail on the merits and thus this Court need not address any issues of a procedural bar. Barrett v. Acevedo, 169 F.3d 1155, 1162 (8th Cir. 1999) (en banc) ("Although the procedural bar issue should ordinarily be resolved first, judicial economy sometimes dictates reaching the merits if the merits are easily resolveable against a petitioner while the procedural bar issues are complicated."). Accord 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

[2] This Court "presumes that the state court's factual determinations are correct," a presumption that "may be rebutted only by clear and convincing evidence." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000); accord 28 U.S.C. § 2254(e)(1). The presumption also applies to findings by state appellate courts. Sumner v. Mata, 449 U.S. 539, 545-47 (1981). Petitioner does not challenge any factual findings by the state courts and, in fact, has filed no memorandum in support of his arguments that the state courts' determinations conflict with federal law.

### A.     Petitioner's Confrontation Clause Rights Were Not Violated

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. The Supreme Court has ruled that "where testimonial evidence is at issue" from a witness absent from trial, the Sixth Amendment requires that the witness be unavailable and that the defendant has had a prior opportunity to cross-examine. Crawford v. Washington, 541 U.S. 36, 59 (2004). But where the "declarant appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of his prior testimonial statements." Id. at 59 n.9.

Here, the Minnesota Court of Appeals rejected Petitioner's argument that the minor victim "was unavailable for meaningful cross-examination and that admitting her out-of-court statements violated his constitutional right to confront an adverse witness." State v. Yanez, 2005 WL 894649, *2 (Minn. App. Apr. 19, 2005). The Court of Appeals noted that it had previously ruled "that 'the Confrontation Clause guarantees only an opportunity for effective cross-examination' and that a witness's lapses in memory do not deny a defendant his constitutional right to confrontation." Id. The court explained that the victim "appeared at trial and was cross-examined," concluding that "despite her memory lapses, [she] was available and the admission of her out-of-court statements did not deny Yanez his right to confrontation." Id. at 3.

The state court's ruling is not contrary to federal law. "'[T]he Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" United States v. Owens, 484 U.S. 554, 559 (1988) (quoting Kentucky v. Stincer, 482 U.S. 730, 739 (1987)). Accordingly, there is no constitutional violation where "a witness testifies as to his current belief

but is unable to recollect the reason for that belief.  It is sufficient that the defendant has the opportunity to bring out such matters as the witness' bias, his lack of care and attentiveness, his poor eyesight, and even . . . the very fact that he has a bad memory." Id.

The Eighth Circuit has thus rejected Confrontation Clause challenges to a conviction for the sexual assaults of children who were seven and six years old at the time of trial.  U.S. v. Spotted War Bonnet, 933 F.2d 1471, 1473-75 (8th Cir. 1991).  Although neither child was able to testify completely and directly about the assaults, the court ruled that their testimony satisfied the Confrontation Clause.  Id. at 1475 ("The children's recollection of their previous statements and the circumstances under which they were given was imperfect.  But the opportunity to cross-examine them . . . was sufficient to bring this case within the rule of Owens.").

This Court concludes that nothing in the Supreme Court's decision in Crawford requires a result different from that compelled by Owens.[3]  Here, while Petitioner might be dissatisfied with the extent or clarity of testimony by the victim, this Court concludes that the admission of her testimony satisfies the standards of Owens and Spotted War Bonnet.

**B.      The State Court Conviction And Sentence Do Not Violate Petitioner's Sixth Amendment Right To A Jury Trial**

Petitioner also claims the state courts erred by "impos[ing] consecutive sentences rather [than] an upward departure" based on "findings done by the court and not the jury."  (Doc. No. 1.)  Petitioner claims that "the prosecutors should have been encouraged to file multiple counts rather than use the more common practice of charging one count alleging multiple acts" such that the "length of the sentencing should have not depended on the prosecutorial discretion."  (Id.)

---

[3] Other federal courts have reached the same conclusion.  E.g. United States v. Ricks, 166 Fed. Appx. 37, 38 (4th Cir. 2006) (unpublished) (rejecting, on basis of Owens, a Crawford challenge).

Petitioner argued to the Minnesota Court of Appeals that "his consecutive sentences violate[d] his Sixth Amendment right under *Blakely v. Washington*, 542 U.S. 296 (2004), because the district court in essence imposed an upward durational departure based on its own findings." State v. Yanez, 2005 WL 894649, *3 (Minn. App. Apr. 19, 2005). Although the state court recognized that under Blakely "the greatest sentence that a judge can impose 'is the maximum sentence [that may be imposed] *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*,'" it rejected Petitioner's argument because "multiple sentences were not at issue in *Blakely*." Id.

The state court did not thereby violate Petitioner's federal rights so as to warrant habeas relief. The United States Supreme Court's decision in Blakely v. Washington prohibits a sentence in excess of "the maximum sentence [that may be imposed] solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. 296, 302 (2004). The Sixth Amendment accords defendants the right to have a jury determine any fact that increases the sentence above that maximum, except that of a prior conviction. Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

Here, however, there has been no impermissible increase in the maximum sentence based on any facts not determined by the jury (or the Petitioner's admission). The jury convicted Petitioner of eight counts of criminal sexual conduct against the minor victim and the state court adjudicated guilt on four of those counts. Petitioner received consecutive sentences for (1) the three counts of digital penetration, consisting of three concurrent sentences of 166 months each, and (2) the one count of oral penetration, consisting of one sentence of 144 months.[4]

---

[4] The Minnesota Sentencing Guidelines permit consecutive sentences for "[m]ultiple current felony convictions for crimes against persons," even "when the offenses involve a single victim involving a single course of conduct." Minn. Sentencing Guidelines § II.F.2 & Cmt.

Such a sentence does not violate federal law.  Although the Supreme Court has ruled that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," it has expressly qualified that rule by prefacing it with an exception for "the fact of a prior conviction." Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).  Similarly, where, as here, the state court jury has convicted a defendant on eight counts and the court has adjudicated guilt on four of those, imposing a sentence of 144 months on one of those counts to run consecutively following a sentence of 166 months (for each of three counts to be served concurrently with each other), the state court has not impermissibly relied upon any facts not found by the jury.

The state court explained that it had "recently held that *Blakely* does not apply to permissive consecutive sentences when the offenses are 'crimes against persons.' *State v. Senske*, 692 N.W.2d 743, 748-49 (Minn. App. 2005)," because "'[c]onsecutive sentencing involves separate punishments for discrete crimes.'" Yanez, 2005 WL 894649 at *3 (noting that "*Blakely* does not apply to the permissive consecutive sentences" imposed "for multiple current felony convictions for crimes against persons").

The courts of several other states have concluded as much as well. E.g. Kansas v. Bramlett, 41 P.3d 796, 796 (Kan. 2002) (finding no Apprendi violation where defendant "pled guilty to seven sex crimes" and state court "ordered four of the seven sentences to run consecutively," with each of the sentences being "within its presumptive statutory range").  Petitioner has identified–and this Court's independent review has located–no federal law or decision that would compel a different result.

---

II.F.04.  The simple fact that Petitioner received consecutive, rather than concurrent, sentences raises no issue for federal habeas review.  There is "no constitutionally cognizable right to concurrent, rather than consecutive, sentences." U.S. v. White, 240 F.3 127, 135 (2nd Cir. 2001).

### III. CONCLUSION

On review of the merits, this Court concludes that the Minnesota courts did not misapply any federal law in convicting Petitioner or affirming that conviction.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1.      Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be DENIED; and

2.      This action be DISMISSED WITH PREJUDICE.


Dated:  September 17, 2007

　　　　　　　　　　　　　　　　　　　  s/ Susan Richard Nelson

　　　　　　　　　　　　　　　　　　SUSAN RICHARD NELSON
　　　　　　　　　　　　　　　　　　United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by October 2, 2007, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.