UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Omar Yanez,                                        Civil No. 06-2890 (PAM/SRN)

          Petitioner,

                                                                   **ORDER**

v.

State of Minnesota,

          Respondent.

___

On October 8, 2007, this Court signed an Order adopting the Report and Recommendation ("R&R") of United States Magistrate Judge Susan Richard Nelson dated September 17, 2007, because no objections to that R&R were filed in the time period permitted. Petitioner filed Objections to the Report and Recommendation the next day, October 9, 2007. Accordingly, the Court will withdraw its previous Order and will consider the merits of Petitioner's Objections to the R&R.

In his Objections, Petitioner contends that the Magistrate Judge erred in concluding (1) that the imposition of consecutive sentences for Petitioner's felony offenses did not violate Petitioner's right to a jury trial; and (2) that the use of videotaped testimony of Petitioner's minor victim, in addition to the victim appearing in court for cross-examination, did not violate Petitioner's right to confront and cross-examine witnesses.

**DISCUSSION**

The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. See 28 U.S.C. § 636(b)(1); D. Minn. LR. 72.2(b). Based on that review, the Court will overrule Petitioner's Objections and adopt the

R&R.

**1.      Confrontation Clause**

The Petition claims that Petitioner's right to confront and cross-examine witnesses was violated by the use of videotaped statements of Petitioner's minor victim. At trial, the victim testified that she could not remember what she told adults about Petitioner's actions, nor could she remember what Petitioner did to her. The trial court, apparently operating under the framework established by Ohio v. Roberts, 448 U.S. 56 (1980),[1] admitted as substantive evidence the victim's videotaped discussions with a social worker and police regarding Petitioner's actions.

Petitioner contends that the victim's trial testimony rendered her unavailable for meaningful cross-examination and that, under the rule announced in Crawford v. Washington, 541 U.S. 36 (2004), the use of her previous videotaped descriptions of the abuse violated Petitioner's rights under the Confrontation Clause.[2] U.S. Const. amend IV. However, as both the state courts and the Magistrate Judge noted, the victim did appear at trial and did take the stand. The fact that she was unable to remember salient facts does not render her an unavailable witness for purposes of a Confrontation Clause inquiry. Indeed, there is no dispute that Petitioner's attorney did cross-examine the victim, although the cross-examination did not elicit any information about the abuse other than the victim's inability

---

[1] Ohio v. Roberts held that out-of-court statements of an unavailable witness were admissible if sufficient "indicia of reliability" were present. 448 U.S. at 66.

[2] Crawford overruled Ohio v. Roberts. In Crawford, the Court held that the out-of-court testimonial statements of an unavailable witness are admissible only if the defendant had the prior opportunity to cross-examine the witness. 541 U.S. at 68-69.

to remember.

Crawford made clear that the Constitution is satisfied when a criminal defendant is afforded the opportunity to confront and cross-examine the witnesses before him. Here, Petitioner was afforded that opportunity. The Magistrate Judge correctly denied the Petition on this basis.

In his Objections, Petitioner raises for the first time the argument that the Minnesota Constitution affords rights under its confrontation clause that are more expansive than those under the United States Constitution. (Obj. at 4 (citing State v. Lanam, 459 N.W.2d 656 (Minn. 1990).) As in the instant case, Lanam involved a victim of child sexual abuse and the use of the victim's out-of-court statements. Lanam, 459 N.W.2d at 658. The majority opinion does not differentiate between a criminal defendant's rights under the Minnesota Constitution and the United States Constitution. The dissenting opinion, however, makes a case that confrontation clause rights under the Minnesota Constitution are different than those under the federal Constitution. Id. at 666. Because this opinion is a dissenting opinion and the views in that opinion were not and have not been adopted by a majority of the Minnesota Supreme Court, Petitioner's argument fails.

**2.   Jury Trial**

Petitioner contends that the consecutive sentences he received violated his right to a jury trial, because a judge and not the jury decided to impose consecutive sentences. Although Petitioner is correct that federal law requires a jury to determine most facts that increase a defendant's sentence, the fact of defendant's prior convictions, even convictions

arising out of the same series of events, are exempted from that requirement. <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000). The R&R correctly determined that imposing consecutive sentences on multiple counts of conviction does not violate federal law.

**CONCLUSION**

For the foregoing reasons, the Court determines that Magistrate Judge Nelson correctly denied Petitioner's request for relief. Accordingly, **IT IS HEREBY ORDERED** that:

1. The Court's Order of October 9, 2007 (Docket No. 12) is **WITHDRAWN**;

2. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1) is **DENIED**; and

3. This action is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 17, 2007

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge